IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DERENZO DESHON PRESTON                                                                    PLAINTIFF

v.                                          Civil No. 6:19-cv-06076

DIRECTOR WENDY KELLY, Arkansas Department
of Correction; CAPTAIN J. CROSBY, Ouachita River
Correctional Unit ("ORCU"); CAPTAIN SHELIA
JOHNSON, ORCU; SERGEANT TROLE, ORCU;
SERGEANT BRANDON KING, ORCU; SERGEANT
DELANEY; ORCU; DEPUTY WARDEN A. JACKSON,
ORCU; And MRS. J. HOSMAN, Classification, ORCU           DEFENDANTS

## REPORT AND RECOMMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Derenzo Deshon Preston filed this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis* on June 28, 2019. (ECF No. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Before the Court is Plaintiff's failure to obey an order of the Court. After careful consideration, the Court makes the following Report and Recommendation.

### BACKGROUND

With his Complaint, Plaintiff submitted an incomplete *in forma pauperis* ("IFP") application because he failed to submit a completed certificate regarding his inmate account. (ECF No. 2). The Court then entered an order directing Plaintiff to either complete the IFP application and return the application to this Court for review and filing or pay the $350 filing fee and $50 administrative fee, a total of $400, by July 19, 2019. (ECF No. 3 at pp. 2-3). The order also stated that if Plaintiff fails to file the completed IFP application or pay the $400 by July 19, 2019, the complaint shall be dismissed, without further notice, for failure to obey an order of the Court. *Id.*

1

The order was mailed to the Plaintiff's address of record and has not been returned as undeliverable. To date, Plaintiff has not submitted a completed IFP application or paid the filing fee.

## DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an order of the Court and failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.

## CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 24th day of July 2019.**

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE